# IN THE COURT OF APPEALS OF IOWA

No. 16-1337
Filed October 12, 2016

**IN THE INTEREST OF M.W., B.W., and S.W.,**
**Minor children,**

**C.W., Father,**
　　　　Appellant.
_____

Appeal from the Iowa District Court for Union County, Monty W. Franklin, District Associate Judge.

A father appeals the termination of his parental rights to his children. **AFFIRMED.**

Kevin E. Hobbs of Kevin Hobbs, Attorney at Law, West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Diana L. Rolands of Rolands Law Office, Osceola, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his children, born in 2011, 2012, and 2014. He contends (1) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court, (2) the State failed to make reasonable efforts toward reunification, and (3) termination was not in the children's best interests. We will address all three arguments together.

The district court terminated the parents' rights pursuant to several statutory provisions. We may affirm if we find clear and convincing evidence to support any of the cited grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). One of those grounds was Iowa Code section 232.116(1)(e) (2015), which requires proof that a child has been adjudicated in need of assistance, the child has been removed from the parents' physical custody for at least six consecutive months, and the parents have not maintained significant and meaningful contact with the child during that period and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.

Our de novo review of the record reveals the following pertinent facts. The children were removed from the parents' care after they abandoned them and failed to treat one of the children's medical needs. This was the second removal for the oldest child. In 2012, the State had filed a child-in-need-of-assistance petition based on the parents' substance abuse. The parents cooperated with reunification services and the child was returned to their custody.

The parents were less cooperative during the second child-in-need-of-assistance proceeding. The department arranged for a variety of reunification services. The father attended a post-removal conference as well as another family meeting and exercised "some supervised visitation" with the children at the outset, but, according to a department of human services child protective worker, he had no visits with the children in the nine months preceding the termination hearing. For four of those months the department was unaware of the father's whereabouts.

Less than two months before the termination hearing, the father was arrested for driving while barred. A department employee met with him at the jail, and the father agreed to contact the department and service provider after his release. The father failed to follow up with the department. He scheduled an appointment with the service provider but did not attend.

By the time of the termination hearing, the oldest child had been out of his parents' care for twenty-four of fifty-nine months; the middle child for thirteen of forty-two months; and the youngest child for thirteen of twenty-five months. The father did little to foster the bond he once shared with them.

We conclude the father failed to maintain significant and meaningful contact with the children. *See* Iowa Code § 232.116(1)(e)(3) (defining "significant and meaningful contact," in part, as "the affirmative assumption by the parents of the duties encompassed by the role of being a parent," including "continued interest in the child, . . . a genuine effort to maintain communication with the child," and an effort to "establish and maintain a place of importance in the child's life"). We further conclude the department satisfied its obligation to make

reasonable efforts towards reunification. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Finally, we conclude termination was in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010).

**AFFIRMED.**